United States District Court
Middle District of Florida
Jacksonville Division

**TYRA T. MANLEY,**

 *Plaintiff,*

v.                 **NO. 3:18-CV-370-J-34PDB**

**JEA ELECTRIC COMPANY AND
LOGANS POINTE APARTMENTS,**

 *Defendants.*

## Report and Recommendation

On March 16, 2018, Tyra Manley, proceeding without a lawyer and using a form for a habeas corpus petition, filed the complaint against the Jacksonville Electric Authority and Logans Pointe Apartments. Doc. 1. With the complaint, she filed a motion to proceed in forma pauperis, Doc. 2, and a document titled, "My Special 18 Page Memorandum," Doc. 3.

On May 7, 2018, the undersigned entered an order explaining complaint deficiencies and giving Ms. Manley until June 11, 2018, to file an amended complaint that complied with the Federal Rules of Civil Procedure and satisfied the pleading standards. Doc. 5. The undersigned explained that failure to timely file an amended complaint could result in dismissal of the case. Doc. 5 at 2. She did not respond.

In an order dated June 19, 2018, the undersigned directed Ms. Manley to show cause by July 16, 2018, why her case should not be dismissed for failure to follow the Court's order or otherwise prosecute the case. Doc. 7. The undersigned cautioned her that failure to respond to the Court's order could result in dismissal of the case. Doc. 7. She did not respond.

"Whenever it appears that any case is not being diligently prosecuted the Court may, … on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." Local Rule 3.10(a); *accord West v. Peoples*, 589 F. App'x 923, 928 (11th Cir. 2014) ("[I]t is well-established that a district court has the power to manage its own docket, which includes the inherent power to dismiss an action for failure to prosecute or for failure to obey a court order."). Dismissal with prejudice for failure to prosecute is warranted only if there is a "clear record of delay or contumacious conduct." *Morewitz v. W. of England Ship Owners Mut. Protection & Indem. Ass'n (Luxembourg)*, 62 F.3d 1356, 1366 (11th Cir. 1995).

Ms. Manley has not prosecuted the case—diligently or otherwise—and has shown no cause—satisfactory or otherwise—why the Court should not dismiss the case for failure to follow the Court's orders, Docs. 5, 7, or otherwise prosecute the case. The undersigned therefore recommends **denial** of the motion to proceed in forma pauperis, Doc. 2, and **dismissal** of the case. Because there is no clear record of delay or contumacious conduct, the undersigned recommends that the dismissal be without prejudice.*

**Entered** in Jacksonville, Florida, on August 2, 2018.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

*"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

c:	The Honorable Marcia Morales Howard

Tyra T. Manley, No. 2018005261
James I. Montgomery Correctional Center
House 2 Bed 16
4727 Lannie Road
Jacksonville, FL 32218